

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILLIAM MADISON HOWELL,

    Petitioner,

v.                               CIVIL ACTION NO. CV204-189

CALVIN D. MORTON, Warden, and
JAMES E. DONALD, Commissioner
Department of Corrections,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Madison Howell ("Howell"), an inmate currently incarcerated at D. Ray James State Prison in Folkston, Georgia, filed an action pursuant to 28 U.S.C. § 2254 contesting the validity of his conviction. Respondent filed an Answer-Response, and Petitioner filed a Traverse. Respondent also filed a Supplemental Answer and Petitioner filed a Response. For the following reasons, Howell's petition should be **DENIED**.

## STATEMENT OF THE CASE

A grand jury in McIntosh County, Georgia indicted Howell on five (5) counts: (1) malice murder; (2) felony murder; (3) first degree arson; (4) kidnapping with bodily injury; and (5) armed robbery. (Doc. No. 8, Ex. 2.) Appearing with Counsel,

AO 72A
(Rev. 8/82)

Howell entered an Alford[1] plea of guilty in McIntosh County Superior Court and the trial court sentenced him to life imprisonment. Howell does not appear to have directly appealed his guilty plea conviction.

Howell filed a federal habeas corpus petition challenging his guilty plea. The undersigned determined that Howell had not exhausted his state remedies and recommended that the petition be dismissed. Soon after, Howell filed a state habeas corpus petition raising the same issues that he raises in this petition. The state habeas corpus court held an evidentiary hearing and denied relief. The Supreme Court of Georgia denied Howell's application for a certificate of probable cause to appeal.

In this Petition and Traverse, Howell asks this Court for relief based on eight grounds:

1. Howell's court appointed attorneys coerced him to enter a plea bargain by failing to request a mental competency hearing and by exploiting his mental disorders;

2. The trial judge should have ordered a mental competency hearing. The trial judge and prosecution maliciously prosecuted him by ignoring a mental evaluation report indicating that he suffered from a low I.Q. and schizophrenia;

3. Howell's Miranda[2] rights were violated during questioning by the Georgia Bureau of Investigation ("GBI");

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 162, 27 L. Ed.2d 162 (1970) (holding that a Defendant may enter a plea of guilty "despite his professed beliefs in his innocence").

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966).

2

4. Conflicting and inconclusive evidence resulted in a violation of Howell's due process and equal protection rights, as well as his right against self-incrimination;

5. Howell's attorneys attempted to destroy evidentiary documents in their possession;

6. After his arrest, Howell was subjected to cruel and unusual punishment when jail officials refused to provide him pain medication or properly treat a head injury caused by a fellow inmate;[3]

7. Howell's indictment was defective because the grand jury consisted of a disproportionate number of women, and one of the male jurors was the father of one of Howell's attorney;

8 Howell asserts that his indictment was flawed because: (a) it contained multiple counts; (b) prosecutorial vindictiveness; and © he had ineffective assistance of counsel due to his attorneys' failure to object to the "multiplicious" indictment.

(Doc. No. 6, pp. 2-4; Doc. No. 16, p. 3.)

Respondent contends that Howell received effective assistance of counsel and that the first and fifth grounds of his petition are without merit. Respondent also contends that Howell waived grounds two through four, six, and seven when he entered a guilty plea. Respondent asserts that Howell did not assert his eighth ground before Georgia's courts; thus, Howell's eighth ground should be procedurally defaulted from review by this Court.

---

[3] Although this is not a claim properly presented in a section 2254 petition, Respondent addressed this claim and the Court has considered the arguments presented by both parties.

3

## STANDARD OF DETERMINATION

As Howell filed his section 2254 application for the writ of habeas corpus after the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d) governs the determination of whether habeas relief is appropriate. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed.2d 481 (1997) (holding that the new provisions of chapter 153 are generally applicable only to cases filed after April 24, 1996). 28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Additionally, section 2254(e)(1) provides that a State court's determination of a factual issue "shall be presumed to be correct" until a petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Peoples v. Campbell, 377 F.3d 1208, 1224 (11th Cir. 2004). Thus, the AEDPA increases the deference to be given by the federal courts to the State court's

4

AO 72A
(Rev. 8/82)

factual findings and legal determinations. See Neelley v. Nagle, 138 F.3d 917 (11th Cir. 1998).

In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L. Ed.2d 389 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. at 391, 120 S. Ct. at 1512. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523. A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409, 120 S. Ct. at 1521.

5

## DISCUSSION AND CITATION OF AUTHORITY

I.   **Howell's Ineffective Assistance of Counsel Claims.**

In grounds one (1) and five (5), Howell argues that he was denied his right to the effective assistance of counsel. Howell contends that his court appointed attorneys preyed on his mental illness and coerced him into entering a guilty plea by arguing that he would go to the electric chair if he did not. Howell also asserts that his attorneys attempted to destroy evidentiary documents by "putting faces on them." (Doc. No. 6, p. 3.)

The clearly established law regarding ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). In Strickland, the United States Supreme Court held that, in order to prevail on an ineffective assistance of counsel claim, a petitioner must show that "counsel's performance was deficient," such that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and "that the deficient performance prejudiced the defense" in such a way as to render the result of the trial unreliable." Id. at 687, 104 S. Ct. at 2064. Deficient performance is defined as that which is objectively unreasonable and falls below "the wide range of competence demanded of attorneys in criminal cases." Id. To support a finding of prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

6

been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694, 104 S. Ct. at 2068.

Adam Poppell and Sam Oliver, with the assistance of Mike Mears of the Multi-County Public Defender's Office, represented Howell in his trial. (Resp't Ex. 2, p. 3.) After reviewing Howell's attorneys' credentials, the state habeas court determined that his attorneys thoroughly reviewed Howell's "medical file, the evidence against him, and conducted extensive discovery." (Id.) Howell's attorneys even used a mitigation expert to interview friends and family in Missouri. (Id. at 3-4.) The state habeas court concluded that Howell's attorneys considered the evidence and all possible defenses prior to suggesting a guilty plea. According to the state habeas court, Mr. Mears "encouraged" Howell to accept the plea agreement because of "the likelihood that [Howell] would be convicted and sentenced to death." (Id. at 4.) The state habeas court determined that Howell's attorneys did not coerce him or force him to plead guilty. In fact, the state habeas court determined that Howell's counsel took every precaution to ensure that Howell understood every element of his guilty plea. Howell's defense team clearly determined that Howell understood the ramifications of his guilty plea and that he possessed the ultimate authority to enter it. (Id.)

The state habeas court also found that Howell's attorneys requested that a psychologist evaluate Howell's mental capacity and ability to adapt. Despite low test scores, Howell's score exceeded the necessary score to be considered mentally

7

retarded. Although Howell's attorneys did not file a motion for a competency hearing, Howell's attorneys filed nineteen (19) other meritorious motions. (Id. at 5.) The state habeas court also found that Howell presented no genuine proof of evidence tampering or destruction by his defense team. (Id.)

Based on these findings of fact, the state habeas court correctly applied the requirements outlined in Strickland. The record is void of any misinterpretation or misapplication of clearly established Supreme Court precedent by the state habeas court. The record indicates, as the state habeas court correctly determined, that Howell's attorneys explored every option for his defense, advised him of his constitutional rights, as well as the consequences of his actions; the state habeas court correctly determined that he made a knowing and voluntary plea of guilty. (Id. at 6.) Given the seriousness of the charges against Howell and the likelihood of receiving the death penalty, the advice of Howell's attorneys was within the range of competence demanded of attorneys. (Id. at 5.) The state habeas court's adjudication was not contrary to the clearly established Supreme Court case law and did not involve an unreasonable application of that clearly established Supreme Court law. Accordingly, Howell's ineffective assistance of counsel claims are without merit.

II.     **Howell's Guilty Plea Precludes Grounds Two (2) Through Four (4), Six (6), and Seven (7).**

Howell reasserts the remaining claims espoused in his state habeas corpus petition. Howell avers that the trial court and prosecuting attorney maliciously

prosecuted him by failing to conduct a competency hearing and by withholding a mental evaluation report indicating that he had an I.Q. of 73 and that suffered from schizophrenia. Howell also contends that his <u>Miranda</u> rights were violated by GBI agents. In ground four, Howell avers that evidence through autopsy reports and forensic DNA testing would have demonstrated his innocence and that the state habeas court should have recognized the presence of conflicting and inconclusive evidence; thus, according to Howell, the admission of this evidence violated his due process and equal protection rights, as well as his right against self-incrimination. Although Howell's sixth claim is not properly presented in a habeas corpus petition, he asserts that officers at the jail facility refused to provide him medication for pain and refused to properly treat his head injury after an attack by another inmate. Lastly, Howell asserts that his indictment was defective because the grand jury consisted of a disproportionate number of women; the grand jury consisted of fourteen (14) women and three (3) men. In addition, Howell avers that the father of one of his attorneys served on the grand jury further prejudicing his indictment.

Clearly established Supreme Court precedent indicates that a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 26 L. Ed.2d 235 (1973) (holding that "after a criminal defendant pleads guilty . . . he is not automatically entitled to federal collateral relief on proof that the indicting grand jury was unconstitutionally selected"). A defendant's solemn admission of guilt in open

9

court precludes his ability to raise "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Therefore, a defendant may only attack the voluntary and intelligent nature of his guilty plea on the grounds that his attorney's advice "was not 'within the range of competence demanded of attorneys in criminal cases.'" Id. at 266-268 (citing McMann v. Richardson, 297 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970).

The state habeas court correctly applied Supreme Court precedent when it determined that Howell's guilty plea broke the chain of events which preceded it; thus, the state habeas court found that Howell waived his rights to pursue any constitutional violations which occurred prior to his guilty plea. As established above, the state habeas court correctly determined that Howell's attorneys provided more than adequate assistance throughout his criminal proceedings and did not preclude his right to effective assistance of counsel. Appropriately applying the standards outlined in Strickland, the state habeas court found that Howell's attorneys provided him with sound advice allowing him to make a voluntary and intelligent waiver of his rights by entering a guilty plea. Although the state habeas court's determination lacks detail in its application of the Supreme Court's decision in Tollett, its decision satisfies deferential review. See Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1347 (11th Cir. 2005) (stating that a state court is not required to explain its decision in order to satisfy deferential review).

10

In his Response, Howell further contends that his case is distinguishable from Tollett due to his alleged mental illness (Doc. No. 27, p. 3); however, as the state habeas court appropriately considered and discussed, during its evaluation of Howell's ineffective assistance of counsel claims, a psychologist's assessment conducted at the request of his own attorneys determined that Howell was well above the threshold requirement for mental incapacity. (Resp. Ex. 2, p. 6.) Howell's assertions regarding his mental health issues are conclusory and unsupported by the evidence of record.

The state habeas court determined that Howell's grounds two (2) through four (4), six (6), and seven (7) are barred by his plea agreement. This determination was not contrary to clearly established Supreme Court case law and did not involve an unreasonable application of that clearly established Supreme Court law. Howell is not entitled to relief on those claims.

### III. Howell is Procedurally Barred from Bringing His Claims Challenging His Indictment.

In his Amended Petition, Howell asserts that his indictment was flawed due to the inclusion of multiple counts. Howell contends that the prosecutor exhibited vindictiveness in his pursuit of the case. Howell avers that he was denied his right to effective assistance of counsel because his court appointed attorneys did not object to this "illegal" indictment. (Doc. No. 16, p. 3.)

11

Ordinarily, when a state prisoner presents a "mixed" petition[4] containing both exhausted and unexhausted claims, "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (quoting Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199, 71 L. Ed.2d 379 (1982)). However, "[d]ismissing a mixed petition is of little utility . . . when the claims raised for the first time at the federal level can no longer be litigated on the merits in state court because they are procedurally barred." Id. "In such a case, requiring the petitioner to return to state court only to make a futile application for relief simply delays the federal court[']s adjudication of his petition. Id. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default," it is appropriate to "treat those claims now barred by state law as [providing] no basis for federal habeas relief." Id. (internal citation and punctuation omitted).

---

[4] The Supreme Court has determined that, in limited circumstances, a district court may grant a state habeas petitioner a stay and abeyance to allow the petitioner to present unexhausted claims to the state courts. The Supreme Court found that granting a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court." Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1535, 161 L. Ed.2d 440 (2005). However, it would be an abuse of discretion to grant a stay to a petitioner, even upon a showing of good cause, if his "unexhausted claims are plainly meritless." Id. In situations when a court presented with a mixed petition determines that a stay and abeyance is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if* dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. (emphasis supplied). It does not appear that dismissing Howell's instant petition based in part on the fact that he would be procedurally barred from bringing his claims in state court would impair his ability to obtain federal relief. If the state courts determined that Howell's claims are procedurally barred under O.C.G.A. § 9-14-51, this Court would likely defer to that determination. See Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991).

AO 72A
(Rev. 8/82)

In Georgia,

> all grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51. This statute "can and should be enforced in federal habeas proceedings against claims never presented in state court." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Although Howell presented ineffective assistance of counsel claims for his state habeas petition, Howell did not present his eighth ground to the state habeas court. In fact, Howell admits that this is the first time he has asserted these claims. (Doc. No. 27, p. 2.) There is no indication that Howell could not have reasonably asserted his eighth claim in his original or amended petition. See O.C.G.A. § 9-14-51. Howell's eighth ground in his petition would be deemed successive according to O.C.G.A. § 9-14-51. See Chambers, 150 F.3d at 1327. Thus, Howell is procedurally barred from federal habeas corpus relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Howell's petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of January, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)